UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No. 1:21-cv-1182

JOE GREENE,

            **Plaintiff,**

v.

JJLV LLC  d/b/a Cannaves; HIGHER CUT LLC; and
JONATHAN DAVID VESELY, an individual

            **Defendants.**

---

## COMPLAINT

---

### INTRODUCTION

1. Defendants JJLV LLC, through its principal, Jonathan Vesely, enticed Plaintiff Joe Greene, via a Craigslist ad, to come to Colorado to work for their marijuana cultivation facility, on promises of lucrative compensation. They asked him to loan them $25,000 and come and do some work, and in return he would become a partial owner and would earn between $5,000 and $10,000 every month. While some might be skeptical of the proposed deal, Plaintiff was young, hungry, optimistic and entrepreneurial. Piece by piece he remitted money to them and indeed left his home in Louisiana to go and work for them.

2. Since there has now been a court action filed it should be no surprise that things did not turn out the way they were set forth. Plaintiff worked for the business doing its day to day "grunt work" of handling the planting facility for months. In return, he found himself short $23,000 in funds he had turned over, and was only ever paid a grand total of $750 for his

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

many hours of work. Not able to make rent or otherwise sustain his livelihood, he ceased working for the company. He asked for his money back and Mr. Vesely assured him he'd pay it back. However, to date he has not, nor has he paid Mr. Greene the wages to which he is legally entitled.

3. This is not a case about who had what level of good judgment but rather one related to the legal infractions related to this unfortunate story. Toward that end, Plaintiff brings this action, by and through his attorneys, against Defendants JJLV LLC d/b/a Cannaves, Jonathan Vesely, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"); the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Overtime and Minimum Pay Standards Order #36 (the "Wage Order"); and common law claims for civil theft of services, unjust enrichment, and breach of contract.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

6. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq*. A significant portion of the events giving rise to the instant litigation occurred at the Defendants' other grow operation located at 5810 Highway 78 Pueblo, CO, and one or more of the Defendants named herein resides in this district.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Greene v. JJLV LLC/Cannaves*
USDC, District of Colorado

Complaint
Page 2

## PARTIES

### Defendant JJLV LLC

7. Defendant JJLV LLC d/b/a Cannaves (hereinafter "Cannaves") is a limited liability company doing business within Pueblo County, whose principal place of business is located at 5810 Highway 78, Pueblo, Colorado, 81005. Its registered agent is listed with the Colorado Department of State as the law firm Greenspoon Marder with an address of 1401 Lawrence St. Suite 1900, Denver, CO 80202.

8. At all relevant times, Defendant Cannaves had annual gross revenues in excess of $500,000.

9. At all relevant times, Defendant Cannaves was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. Upon information and belief Defendant Cannaves purchases supplies, equipment, and other necessary items to run its marijuana cultivation facility and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado. Defendant Cannaves also utilizes the phone and internet lines to transact business.

11. At all times material to this action, Defendant Cannaves was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

### Defendant Higher Cut

12. Defendant **Higher Cut LLC** is a limited liability corporation doing business within Pueblo County, and whose principal place of business is also located at 5810 Highway 78, Pueblo, Colorado, 81005. Its registered agent is listed with the Colorado Department of State as

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Greene v. JJLV LLC/Cannaves*
USDC, District of Colorado

Complaint
Page 3

Lawrence Yenko of 2022 Elmwood Lane, Pueblo, CO 81005. However, public records indicate that Mr. Yenko passed away on January 30, 2021.

13. Defendant Higher Cut LLC owns the property located at 5810 Highway 78, Pueblo, Colorado where the marijuana grow facility for which Plaintiff worked is located.

14. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r).

**Defendant Jonathan David Vesely**

15. Defendant Jonathan David Vesely ("Vesely"), an individual, resides at 3806 Half Turn Rd Apt 156, Colorado Springs, Co 80917-2429 (El Paso County), upon information and belief.

16. Defendant has an ownership interest in and/or is a shareholder of Cannaves.

17. At all times material to this action, Defendant Vesely actively participated in the business of Cannaves.

18. At all times material to this action, Defendant exercised substantial control over the functions of the company's employees including Plaintiff. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules. In fact, he was the one to recruit, interview, and hire Plaintiff.

19. At all times material to this action, Defendant was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA, and CWCA.

**Plaintiff Joe Greene**

20. Plaintiff Joe Greene is a resident of Pueblo, Colorado, which is in Pueblo County.

21. Plaintiff Greene worked for Cannaves from July 8, 2020 to December 24, 2020, or thereabouts.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Greene v. JJLV LLC/Cannaves*
USDC, District of Colorado

Complaint
Page 4

22. Defendants gave him the title Grow Operations Manager. His duties and responsibilities were that of cloning marijuana, pruning plants, and overseeing the grow operation.

23. Plaintiff's primary supervisor was Jonathan Vesely.

24. While working in this capacity, Plaintiff Greene was not expected to record time worked.

25. While his work times varied depending on the time of the growing cycle and needs of the operation, Plaintiff Greene typically started work at around 11:00 AM and stopped work anywhere between 6:00PM and 4:00AM. He usually worked 5 days per week.

26. Greene estimates that generally he worked approximately 40 hours per week, but sometimes more.

27. In all, Plaintiff remitted $23,000 to Defendants.

28. In all, Defendants remitted $750 to Plaintiff.

29. At all times material to this action, Plaintiff Greene was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

30. While in this position, Plaintiff Greene's pay rate was unclear. Initially Defendant Vesely told him he would be making between $5,000 and $10,000 a month. Defendant Vesely signed a letter for Plaintiff stating that Plaintiff "has been employed at JJLV LLC and holds the title of Manager…with a salary of "$5,000.00 paid monthly."

### LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

31. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Greene v. JJLV LLC/Cannaves*
USDC, District of Colorado

Complaint
Page 5

*Failure to Pay Minimum Wage*

32. Defendants failed to pay Plaintiff the minimum wage for all hours worked, in violation of the FLSA.

*Record-Keeping Failures*

33. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff and other similarly situated employees, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based on Good Faith & Entitlement to Damages*

34. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

35. At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage, overtime, tip credits, and break. In paying Plaintiff and other similarly situated employees in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

36. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

37. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid minimum wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

### As And For A Second Cause of Action:
### COLORADO WAGE ACT VIOLATIONS

38. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Greene v. JJLV LLC/Cannaves*
USDC, District of Colorado

Complaint
Page 6

here.

39. The Defendants were Plaintiff's "employer" as that term is defined by the Wage Order. 7 C.C.R. 1103-1.6.

40. Plaintiff is Defendants' "employee" as that term is defined by the Wage Order because he performing labor or services for the benefit of an employer. 7 C.C.R. 1103-1.5.

**Failure to Pay Minimum Wage**
**(Violation of the C.R.S. § 8-6-101** *et seq.***; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

41. The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

42. Specifically, Defendants paid Plaintiff $750, once. Thus, the amount Plaintiff received in a given workweek divided by the number of hours actually worked resulted in a wage less than the applicable minimum wage rate for all workweeks.

**Failure to Pay Weekly Overtime Premiums**
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

43. Plaintiff worked more than 40 hours at least some workweeks.

44. Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

45. As a result, Plaintiff has suffered lost wages and lost use of those wages in an amount to be determined at trial.

46. Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

47. Defendants violated the CWA as implemented by the Wage Order, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Greene v. JJLV LLC/Cannaves*
USDC, District of Colorado

Complaint
Page 7

48. For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### *Failure to Pay Wages When Due*
**(Violation of the C.R.S. § 8-6-103)**

49. The Defendants failed to pay Plaintiff all his earned wages when due.

50. Defendants should have paid Plaintiff at or above $5,000 per month.

51. Instead, Defendant only ever paid Plaintiff once, in the sum of $750.

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

52. Plaintiff has been separated from employment with Defendants.

53. Defendants have failed to pay Plaintiff all his wages and compensation earned during Plaintiff's employment, as described above.

### *Record-Keeping Failures; Failure to Provide Pay Stubs*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1(12))**

54. Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

    a. name, address, social security number, occupation, and date of hire

    b. date of birth, if the employee is under eighteen (18) years of age

    c. daily record of all hours worked

    d. record of allowable credits and declared tips

    e. regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

55. Defendants failed to provide a paystub, or an itemized earnings statement of this

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Greene v. JJLV LLC/Cannaves*
USDC, District of Colorado

Complaint
Page 8

information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., Wage Order 7 C.C.R. 1103-1(12)).

***Failure to Respond to Demand for Wages***
**(Violation of the C.R.S. § 8-4-109)**

56. Plaintiff, through counsel, propounded a Colorado wage demand to Defendants, dated February 10, 2021.

57. Defendants did not tender any monies in response to this letter.

58. More than 14 days have elapsed since February 10, 2021.

59. Because of their willful failure to tender wages owed in response to this demand, Defendants are liable for all penalties set forth in C.R.S. §8-4-109.

***Damages***

60. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

**As And For A Third Cause of Action:**
**Civil Theft (Conversion)**

61. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

62. By failing to pay the Plaintiff any wages or compensation other than one payment of $750, Defendants have committed theft of services.

63. Pursuant to COMPS #36, § 8.4, failure to pay an employee less than the minimum

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Greene v. JJLV LLC/Cannaves*
USDC, District of Colorado

Complaint
Page 9

wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

64. Defendants failed to pay the Plaintiff at or above the minimum wage.

65. Even if, *arguendo*, Plaintiff were found not to be covered by the CWCA or FLSA, the nonpayment for these services rendered constitutes theft of services.

66. In addition, Defendants withheld and failed to return the $23,000 Plaintiff had lent to them. This also constitutes civil theft.

67. Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiff for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

### As And For A Fourth Cause of Action:
### BREACH OF CONTRACT & UNJUST ENRICHMENT

68. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

69. To the extent that any of the Plaintiff's work as herein described is not covered under the other statutes or causes of action, Plaintiff brings breach of contract and/or unjust enticement claims as alternative theories of relief.

70. Plaintiff claims the greater of the relief available to him but does not seek duplicative recovery.

*Greene v. JJLV LLC/Cannaves*
USDC, District of Colorado

Complaint
Page 10

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Award unpaid and underpaid wages due under the FLSA and the Colorado Wage Laws; and

(B) Award Plaintiff liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C) Award Plaintiff statutory damages as provided for by Colorado law; and

(D) Award Plaintiff three times his actual damages pursuant to C.R.S. § 18-4-405; and

(E) Award Plaintiff appropriate compensatory, contract, punitive, and/or other appropriate damages pursuant to state common law;

(F) Award Plaintiff interest; and

(G) Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(H) Award such other and further relief as this Court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **29th** day of **April, 2021.**

ANDERSONDODSON, P.C.

*s/ Penn Dodson*
**Penn A. Dodson**
penn@andersondodson.com
14143 Denver W Pkwy Suite 100-50
Golden, CO 80401
(212) 961-7639 tel.
Attorney for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Greene v. JJLV LLC/Cannaves*
USDC, District of Colorado

Complaint
Page 11