IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 21–cv–01182–RMR–KMT

JOE GREENE,

    Plaintiff,

v.

JJLV LLC d/b/a CANNAVES,
HIGHER CUT LLC, and
JONATHAN DAVID VESELY, an individual,

    Defendants.

## ORDER

Before the court is Plaintiff's "Motion For Substitute Service on Individual Defendant." (["Motion"], Doc. No. 26.) No response has been filed to the Motion, and the time to do so has lapsed. For the following reasons, the Motion is DENIED without prejudice.

On April 29, 2021, Plaintiff Joe Greene ["Plaintiff"] commenced this lawsuit against Defendants JJLV LLC d/b/a Cannaves ["JJLV"], Higher Cut LLC ["Higher Cut"], and Jonathan David Vesely ["Mr. Vesely"], asserting violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, violations of the Colorado Wage Act, Colo. Rev. Stat. §§ 8-6-101 *et seq.*, as well as claims for civil theft, breach of contract, and unjust enrichment. (Doc. No. 1.) On April 30, 2021, the Clerk of Court issued a summons as to all three Defendants. (Doc. No. 8.) Plaintiff, through a process server, thereafter attempted to personally serve the summons and

complaint on Mr. Vesely, on three separate occasions, at Mr. Vesely's purported home address, 3801 Half Turn Pike Rd. 156, Colorado Springs, CO 80917. (["Dodson Declaration"], Doc. No. 26-2, at ¶ 10(a); *see* Mot. Ex. B.) None of those attempts proved successful. (*Id.*) The process server reported that, on each occasion, he knocked on the door without receiving an answer, no noise could be heard from within, and the residence appeared to be "vacant." (Mot. 2, Ex. B.) A different process server subsequently attempted to serve Mr. Vesely, on three separate occasions, at his place of employment, 5810 State Hwy. 78, Pueblo, CO 81005. (Dodson Decl. ¶ 10(b); *see* Mot. Ex. C.) Those attempts were also unsuccessful. (*Id.*) The process server reported that, on each occasion, the location was barricaded by a padlocked gate and appeared "deserted." (Mot. Ex. C.) Service attempts were then made by yet another process server at a third address thought to be Mr. Vesely's "newer residence address," 2406 Court St., Pueblo, CO 81003-2428. (Dodson Decl. ¶ 10(c).) Those attempts have reportedly been unsuccessful, as well.[1] (*Id.*) Plaintiff now moves this court for permission to effectuate substituted service of Mr. Vesely under Colorado Rule of Civil Procedure 4(f).[2] (Mot. 4-5.)

Federal Rule of Civil Procedure 4(e), which governs service of individuals, provides that a plaintiff may serve process on an individual located within the United States by either: (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of each to an agent

---

[1] As of the filing of the present Motion, Plaintiff was said to be "still awaiting" the process server's final service attempt at 2406 Court St., Pueblo, CO 81003-2428. (Dodson Decl. ¶ 10(c).)

[2] Defendant JJLV was served, via its registered agent, on July 2, 2021; Defendant Higher Cut was served, via the Pueblo County Sheriff's Office, on August 31, 2021. (Doc. Nos. 18, 27.)

authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Alternatively, service of such an individual may be accomplished by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Colorado, the forum state here, authorizes service of a natural person above the age of eighteen as follows: (1) "by delivering a copy [of the summons and complaint] to the person;" (2) "by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent;" or (3) "by delivering a copy to a person authorized by appointment or by law to receive service of process." Colo. R. Civ. P. 4(e)(1). In addition, Colorado Rule of Civil Procedure 4(f) allows for substituted service, as an alternative to personal service, under the following circumstances:

> In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>
> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) order the process to be mailed at the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery.

> Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f); *accord Willhite v. Rodriguez-Cera*, 274 P.3d 1233, 1239 (Colo. 2012). The Colorado Supreme Court has made clear that "the completion and validity of service" under Colorado Rule 4(f) "is linked to the delivery of process to the substituted person and not to the mailing of process to the defendant." *Willhite*, 274 P.3d at 1240 ("If process is never delivered to the substituted person, service can never be valid and complete under [Colorado Rule] 4(f).").

Here, Plaintiff seeks leave to pursue substituted service of Mr. Vesely, in accordance with Colorado Rule 4(f), by mailing and emailing a copy of the summons and complaint to Michael Freimann ["Mr. Freimann"], the attorney who purportedly "had been representing Defendant Vesely prior to litigation," and whose law firm serves as Defendant JJLV's registered agent. (Mot. 4.) In making that request, Plaintiff reports that he has attempted to effect personal service of Mr. Vesely at least seven times, at three different addresses, by way of three separate process servers. (*Id.* at 2-3.) Plaintiff's attorney also apparently undertook the additional time and expense of conducting research to determine whether Mr. Vesely might be found at alternative addresses. (*Id.* at 3; Dodson Decl. ¶ 10(c).) Despite these efforts, Plaintiff has been unable to locate Mr. Vesely. (Mot. 2-3.) However, after carefully reviewing the present Motion and accompanying exhibits, the court is not satisfied that Plaintiff has exercised sufficient "due diligence" in his attempts to effect personal service of Mr. Vesely thus far, or that further attempts to do so "would be to no avail." Colo. R. Civ. P. 4(f).

The present Motion states that Plaintiff has attempted to serve Mr. Vesely at three locations: (1) a Colorado Springs residential address; (2) a Pueblo business address; and (3) a Pueblo residential address. (Mot. 2-3; Dodson Decl. ¶ 10.) Although Plaintiff provides adequate

4

evidence regarding the service attempts made at the first two addresses, he offers only scant details concerning the attempts purportedly made at the Pueblo residential address. Specifically, as to the service attempts made at that third address, 2406 Court St., Pueblo, CO 81003-2428, the present Motion states only as follows:

> Counsel's additional research revealed that this address could be Defendant Vesleey's [sic] newer residence. On August 28, 2021[,] Plaintiff hired process server Jared Arellano to serve Defendant Vesely at this address. Jared Arellano has not been able to effectuate service. We are still awaiting his final attempt, though it seems unlikely. It is unlikely that we will receive the affidavit(s) of [non]service prior to the court's current deadline to serve all Defendants of September 27, 2021.

(Mot. 3.) Plaintiff provides no factual allegations concerning the number of times service was attempted at the Pueblo residential address, the precise manner in which service was attempted, when those attempts were made, or why those attempts were unsuccessful. Nor has Plaintiff since reported the outcome of the final service attempt made at that address. Given the minimal information offered by Plaintiff regarding the attempts to serve Mr. Vesely at 2406 Court St., Pueblo, CO 81003-2428, it may be possible that: (1) Mr. Vesely is actively evading service attempts at the Pueblo residential address; (2) Mr. Vesely has simply not been at home at the times that service has been attempted at that location; or (3) the property is vacant. Without additional facts concerning the service attempts made at that third address, the court cannot say whether Plaintiff has used diligent efforts to serve Mr. Vesely there, or that future attempts to effect personal service of Mr. Vesely would be futile. The court, therefore, declines to find that substituted service is appropriate at this time. *See Colony Ins. Co. v. Bristlecone Montessori Sch.*, No. 20-cv-01269-CMA-STV, 2021 WL 50893, at *3 (D. Colo. Jan. 5, 2021) (declining to permit substituted service, where the plaintiff failed to provide adequate information from which to determine whether the defendant was "avoiding service, rather than simply not at home at the

times service was attempted"); *Allstate Ins. Co. v. Cruz*, No. 1:20-cv-03139-DDD-MEH, 2020 WL 7421389, at *2 (D. Colo. Nov. 18, 2020) (finding that a plaintiff failed to satisfy Colorado Rule 4(f)'s due diligence requirements, where it was "unclear what exactly [the plaintiff] did to attempt to effectuate service" of the defendant prior to seeking substituted service).

Further, even assuming the due diligence and futility requirements were met, the substituted method of service proposed by Plaintiff, *i.e.,* via certified mail or email, does not comply with Colorado Rule 4(f). (Mot. 4-5.) Rather, substituted service must be effected by hand delivery to the substituted person, given that this case does not involve "specific property or status or other proceedings in rem." *See* Colo. R. Civ. P. 4(g) (stating that service by mail "shall be allowed only in actions affecting specific property or status or other proceedings in rem"); *Namaste Judgment Enforcement, LLC v. King*, 465 P.3d 78, 83 (Colo. App. 2020) (holding that "hand delivery to the substituted person is required" under Colorado Rule 4(f)); *see also JDK LLC v. Hodge*, No. 15-cv-00494-NYW, 2015 WL 2455504, at *2 (D. Colo. May 22, 2015) (refusing to authorize substituted service of the defendants' attorney via certified mail, where the lawsuit did not concern real property).

Moreover, Plaintiff has failed to adequately show that the proposed person upon whom substituted service would be made, Mr. Freimann, is "appropriate under the circumstances and reasonably calculated to give actual notice" to Mr.Vesely. Colo. R. Civ. P. 4(f); *see Minshall v. Johnston*, 417 P.3d 957, 962 (Colo. App. 2018) (concluding that Colorado Rule 4(f) is not satisfied merely by alleging that the designated person for substituted service will notify the party to be served of the suit, but rather by demonstrating through evidence that the designated person is "reasonably calculated to give actual notice" of the suit to the defendant). As a general

rule, Colorado law does not allow for substituted service of a defendant's attorney, "unless the attorney has been specifically authorized by his client to accept service." *Colony*, 2021 WL 50893, at *2 (citing *Bardahl Mfg. Corp. v. Dist. Ct. In & For Jefferson Cnty.*, 372 P.2d 447, 314-15 (Colo. 1962)); *see also RexMine ex rel. Liley v. Dist. Ct. for City & Cnty. of Denver*, 709 P.2d 1379, 1381 (Colo. 1985) (observing that substituted service statutes "are in derogation of common law and must be strictly construed"). However, courts have permitted substituted service of a defendant's attorney, whether authorized or not, where the attorney is either currently representing, or has recently represented, the defendant in matters related to the litigation at hand. *See, e.g.*, *Two Rivers Water & Farming Co. v. Am. 2030 Cap. Ltd.*, No. 19-cv-01640-CMA-STV, 2019 WL 5535227, at *3 (D. Colo. Oct. 25, 2019) (finding substituted service of an attorney who had represented the defendants in "a contemporaneous arbitration proceeding relating to the same matters at issue in [the] case" to be appropriate under Colorado Rule 4(f)); *Allen v. The Pinery*, No. 17-cv-00688-MSK-STV, 2017 WL 3492872, at *2 (D. Colo. Aug. 15, 2017) (finding the defendant's attorney in a separate divorce proceeding to be an appropriate person to serve); *JDK*, 2015 WL 2455504, at *2 (finding that an attorney who had represented the defendants in negotiations related to the lawsuit to be an appropriate person for substituted service under the circumstances, even though the attorney was not currently representing those defendants). The critical inquiry is whether "a clear, recent connection" exists "between the defendant and the person to be served via substitution." *Penn-Star Ins. Co. v. Bus. Futures, Inc.*, No. 21-cv-01256-RM-NYW, 2021 WL 5071822, at *5 (D. Colo. Sept. 14, 2021); *see Rain Design, Inc. v. Spinido, Inc.*, No. 19-cv-00349-RM-KMT, 2020 WL 4339376, at *4 (D. Colo. July 28, 2020) (finding that an attorney was not an appropriate subject for substituted

7

service, where the attorney represented the entity that owned the defendant's trademark, but where there was no confirmation that the attorney represented the defendant); *Farmlands Partners, Inc. v. Fortunae*, No. 18-cv-02351-KLM, 2019 WL 2436064, at *6 (D. Colo. June 11, 2019) (denying a motion for substituted service, where it was "less than clear" that the attorney to be served represented the defendants).

Here, in proposing Mr. Freimann as the person upon whom substituted service should be made, Plaintiff states only that Mr. Freimann "had been representing Defendant Vesely prior to litigation," and that Mr. Freimann's law firm "serves as the registered agent of Defendant JJLV, LLC." (Mot. 4.) Plaintiff provides no further details concerning the nature and extent of Mr. Freimann's relationship with Mr. Vesely, so as to justify substituted service of Mr. Freimann in this case. Specifically, the present Motion is devoid of any facts regarding how recently, or in what manner, Mr. Freimann "had been representing Defendant Vesely." There are no allegations that Mr. Freimann's previous representation of Mr. Vesely relates, in any way, to this lawsuit. Indeed, Plaintiff's own evidence makes clear only that Mr. Freimann is "not representing the defendants in this case." (Mot. Ex. A at 1; Dodson Decl. ¶ 6.) To the extent that Plaintiff predicates his request for substituted service on the fact that Mr. Freimann's law firm, Greenspoon Marder, "serves as the registered agent of Defendant JJLV, LLC," the record fails to show any relationship between Mr. Vesely and JJLV, which could justify substituted service of Mr. Vesely by way of an attorney employed by JJLV's registered agent. *See Minshall*, 417 P.3d at 962 (holding substituted service on the registered agent of a corporation of which the defendant was a co-owner and shareholder to be insufficient, because there was no evidence showing either that the defendant was "an active participant in the affairs of the corporation," or

that the defendant had "some separate relationship with the registered agent, by contract, familial tie, or otherwise").

On this record, then, Plaintiff has failed to meet his burden under Colorado Rule 4(f) to show that he has made diligent efforts to serve Mr. Vesely, that further attempts to do so are unlikely to be successful, or that substituted service of Mr. Freimann "is appropriate under the circumstances and reasonably calculated to give actual notice" to Mr. Vesely.

Accordingly, it is

**ORDERED** that the "Motion For Substitute Service on Individual Defendant" (Doc. No. 26) is **DENIED without prejudice**. It is further

**ORDERED** that Plaintiff shall effect personal service of Defendant Jonathan David Vesely, in accordance with Federal Rule of Civil Procedure 4, and provide proof of such service to the court, **on or before December 17, 2021**.

Dated this 12th day of November, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge