IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 21-cv-01182-CNS-MDB

JOE GREENE,

    Plaintiff,

v.

JJLV LLC d/b/a Cannaves;
HIGHER CUT LLC; and
JONATHAN DAVID VESELY, an individual,

    Defendants.

## ORDER

This matter comes before the Court on Defendant Jonathan David Vesely's motion opposing judgment.[1] (ECF No. 74). The Court vacates the Clerk's entry of default for the following reasons.

In June 2022, the Magistrate Judge granted Plaintiff's motion for substituted service of the Summons and Complaint on Defendant Jonathan David Vesely. (ECF No. 62). On June 23, 2022, Plaintiff certified that his counsel had emailed and mailed a copy of the Summons and Complaint to Defendant Vesely's counsel for an unrelated personal injury case as well as to multiple potential email addresses and last known physical addresses. (ECF No. 63). On July 11, 2022, Defendant Vesely, pro se, filed a motion for an extension of time to respond because (1) he recently had been made aware of the civil action from his personal injury attorney; (2) was recuperating from an

---

[1] The Court may rule on a motion without waiting for a response. *See* D.C.COLO.LCivR 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

1

unrelated injury; and (3) needed time to secure counsel. (D. 66). The Magistrate Judge denied the motion without prejudice for failure to comply with D.C.COLO.LCivR 7.1(a). On July 21, 2022, Plaintiff moved for entry of default. (D. 71). On August 1, 2022, Defendant Vesely filed a motion "opposing judgment in full favor of Plaintiff's complaint" and requesting a stay. (ECF No. 74). Defendant Vesely argues that his previous motion put the parties on notice that he intends to vigorously defend himself. (*Id.*).

Defendant Vesely is proceeding pro se, thus this Court construes his filings liberally; however, this Court does not assume the role of advocate for him. *See, e.g., Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *United States v. Barker*, No. 20-10059-02-JWB, 2022 WL 2752794, at *2 (D. Kan. July 14, 2022). The court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). The principal factors in determining whether a party has met the good cause standard are "(1) whether the default resulted from culpable conduct by the defendant, (2) whether the plaintiff would be prejudiced if the default is set aside, and (3) whether the defendant has presented a meritorious defense." *Hunt v. Ford Motor Co.*, 65 F.3d 178 (10th Cir. 1995). Ultimately, the Court prefers that disposition of any case be upon its merits and not by default judgment. *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970).

The Court does not find that Plaintiff will be prejudiced and finds good cause for setting aside the entry of default. The Court, therefore, VACATES the Clerk's entry of default as to Defendant Vesely. (ECF No. 73). Accordingly, Defendant Vesely's motion opposing judgment and for a stay is DENIED AS MOOT.

This Court instructs Defendant Vesely to review the District Court's website and resources for pro se litigation (*see* http://www.cod.uscourts.gov/RepresentingYourself.aspx).[2]  Defendant Vesely SHALL have thirty (30) days from the date of this order to file an Answer or responsive pleading.

DATED this 15th day of August 2022.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge

---

[2] Defendant Vesely has previously noted that he is searching for counsel.  The Court encourages Defendant to retain counsel and respond within the given time.